**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ONE HOUR AIR CONDITIONING
FRANCHISING, L.L.C., etc.,

    Plaintiff,

vs.                                            CASE NO. 8:14-CV-994-T-EAK-TGW

JERRY'S COMFORT EXPERTS, INC.,
et al.,

    Defendants.
_____/

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

       The cause is before the Court on Plaintiff's motion for summary judgment as to defendants Brent A. Rackham and Jason A. Rackham, the guarantors (Doc. 19). These defendants have not responded to the motion for summary judgment despite the Court allowing them until April 17, 2015, to respond or to have the motion for summary judgment resolved without benefit of a response. The third defendant in this cause of action was defaulted on June 19, 2014 (12).

## STANDARD OF REVIEW

This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. **Sweat v. Miller Brewing Co.**, 708 F.2d 655 (11th Cir. 1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. **Hayden v. First National Bank of Mt. Pleasant**, 595 F.2d 994, 996-7 (5th Cir. 1979), quoting **Gross v. Southern Railroad Co.**, 414 F.2d 292 (5th Cir. 1969). Factual disputes preclude summary judgment.

The Supreme Court of the United States held, in **Celotex Corp. v. Catrett**, 477 U.S. 317, 91 L.Ed.2d 265, 106 S.Ct. 2548, (1986):

> In our view the plain language of Rule 56© mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 273.

The Court also said, "Rule 56(e) therefore requires that nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'" **Celotex Corp.**, at p. 274. As the district court in **Coghlan v. H.J. Heinz Co.,** 851 F.Supp. 808 (N.D. Tex. 1994), summarized:

> Although a court must "review the facts drawing all inferences most favorable to the party opposing the motion,"...the nonmovant may not rest on mere allegations or denials in its pleadings; in short, "the adverse party's response... must set forth specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e). However, merely colorable evidence or evidence not significantly probative will not defeat a properly supported summary judgment...The existence of a mere scintilla of evidence will not suffice...(cites omitted) at 810-811.

The Court must "draw inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor." **Speciality Malls of Tampa v. The City of Tampa**, 916 F.Supp 1222 (Fla. M.D. 1996).  (emphasis added) A court is not required to allow a case to go to trial "when the inferences that are drawn from the evidence, and upon which the non-movant relies are 'implausible.'"  **Mize v. Jefferson City Board of Education**, 93 F.3d 739, 743 (11th Cir. 1996)

A court, however, may only consider "that evidence which can be reduced to an admissible form," *Rowell v. BellSouth Corp.,* 433 F.3d 794, 799 (11th Cir. 2005).  The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)(emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.*  In considering the evidence, the court resolves all reasonable doubts about the facts in favor of the non-moving party and draws all justifiable inferences in its favor. *Hickson Corp. v. Northern Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004).  The court does not, however, weigh the evidence or make findings of fact. *Anderson*, 477 U.S. at 249-50.

DISCUSSION

The Plaintiff, One Hour Air Conditioning Franchising, L.L.C. (One Hour) has established the following undisputed facts regarding this cause of action.

> (1)  On September 18, 2008, One Hour entered into the Franchise Agreement with Jerry's Comfort for a ten-year term expiring on September 17, 2018.  Brent Rackham signed the Franchise Agreement as President of Jerry's Comfort.  The Guarantors both signed the Franchise Agreement as "Owner[s]," thereby obligating themselves to certain duties under the Franchise Agreement.

(2)  As further inducement for One Hour to grant a franchise to Jerry's Comfort, the Guarantors also executed the Guaranty, thereby personally and unconditionally guaranteeing Jerry's Comfort's performance of each obligation under the Franchise Agreement.  The Guarantors agreed to be "personally bound by, and personally liable for the breach of, each and every provision" in the "Franchise Agreement and any documents, agreements, instruments and promissory notes executed pursuant to or in connection with the Franchise Agreement."

(3)  Jerry's Comfort and the Guarantors also executed the Note, payable to One Hour for $51,385.34 over a term of sixty (60) months at 18% interest. The Note states that in the event of a default, One Hour has the right to declare the outstanding principal balance and all unpaid accrued interest immediately due and payable in full.  The Note also provides that Jerry's Comfort and the Guarantors owe One Hour all costs and expenses reasonably incurred or paid at any time by One Hour, including, but not limited to, reasonable attorneys' fees and other legal costs in enforcing payment and collection of the balance due of the Note. The Note "shall be the joint and several obligation" of both Jerry's Comfort and the Guarantors.

(4)  From September 18, 2008 until September 2013, Jerry's Comfort operated its franchise pursuant to the Franchise Agreement.  On September 26, 2013, One Hour sent written correspondence to Jerry's Comfort and the Guarantors, notifying them of certain defaults under the Franchise Agreement. On October 22, 2013, One Hour sent written correspondence to Jerry's Comfort and the Guarantors, terminating the Franchise Agreement due to Jerry's Comfort's failure to cure all deficiencies under the Franchise Agreement.12 After termination of the Franchise Agreement, Jerry's Comfort continued to utilize One Hour's registered trademarks, competed directly with One Hour in the same territory, and failed to pay One Hour on the Note.  (Doc 19-1, pgs. 2-4) (footnotes omitted)

The Defendants have failed to come forward with "affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'"  **Celotex**, at 274.

The Court adopts by reference the legal arguments set out by the Plaintiff in

support of their request for summary judgment.  The Court finds that the referenced note and guaranty is an enforceable contract and the entry of default as to Jerry's Comfort Experts, Inc. establishes that One Hour holds the Note; the installment payment on the note was not paid, and One Hour elected to accelerate payment on the note.  Consequently, the guarantors, Brent A. Rackham and Jason A. Rackham, are in breach of the guaranty and the note.  Therefore, the Court having reviewed the entire record determines that the Plaintiff has established it is entitled to summary judgment as to the defendants.

The remaining question goes to the damages that should be awarded to the Plaintiff.  The Plaintiff has requested damages, as supported by the affidavit of Derrick Wozniak, of "$142,401.67..., plus attorneys' fees and costs that continue to accrue. The total damages include the following: (1) $124,853.17 in lost continuing franchise fees and marketing fund contributions as per the terms of the Franchise Agreement (collectively, the "Franchise Fees"); (2) $4,500.00 in damages for unlicensed utilization of One Hour's licensed trademarks; and (3) $13,048.50 in unpaid principal and interest on the Note."  The Court concludes that the requested damages are supported by the evidence presented, which has not been disputed by the defendants, with the exception that the request for attorneys' fees and costs should be made by separate motion and by filing the appropriate form to request costs reimbursement.  Accordingly, it is

**ORDERED** that the motion for summary judgment be **granted** and the Clerk of Court is directed to enter judgment for the Plaintiff as a matter of law and enforcement of the guaranty and note against the guarantors in the amount of (1) $124,853.17 in lost continuing franchise fees and marketing fund contributions as per the terms of the Franchise Agreement

(collectively, the "Franchise Fees"); (2) $4,500.00 in damages for unlicensed utilization of One Hour's licensed trademarks; and (3) $13,048.50 in unpaid principal and interest on the Note. The Clerk of Court shall close this case and the Court reserves jurisdiction to consider any motion for attorneys' fees and costs which the Plaintiff shall file within the next forty-five days.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 5th day of May, 2015.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record